IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

                                                       Case No. 11-cr-882 MV

vs.

LARRY PAM,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Larry Pam's unopposed Motion for Leave to File a Request for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Memorandum of Law in Support Thereof [Doc. 97]. The Court, having considered the Motion and the relevant law, finds the Motion is well-taken and will be granted.

### BACKGROUND

On April 13, 2011, Mr. Pam was charged in a one-count indictment with felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The Indictment followed Mr. Pam's arrest on February 28, 2011, when Albuquerque police officers found him in possession of a shotgun. Doc. 96-1 ¶¶ 6-19. Mr. Pam reported to the officers that he had been in an altercation with five individuals and had armed himself with the shotgun to scare them. *Id.* At the time of his arrest, Mr. Pham had twice been convicted of violating N.M. Stat. Ann. § 30-3-8(B), which prohibits, in relevant part, "[s]hooting at or from a motor vehicle . . . *with reckless disregard* for the person of another," and had once been convicted of aggravated assault with a deadly weapon. *Id.* ¶ 32 (emphasis added).

1

On September 20, 2011, Mr. Pam pled guilty to the Indictment. Doc. 30. His Rule 11(c)(1)(C) plea agreement specified that a sentence of 180 months (15 years) was appropriate. *Id*. Indeed, although the applicable statutory maximum term of imprisonment was 10 years (120 months), a sentence of at least 180 months was required by the Armed Career Criminal provisions of 18 U.S.C. § 924(e) (as that provision was then interpreted), based on Mr. Pam's prior convictions, including the two convictions for recklessly shooting at or from a motor vehicle. Doc. 96-1 ¶ 77. Accordingly, on January 24, 2012, Judge LeRoy Hansen sentenced Mr. Pam to a term of imprisonment of 180 months. Doc. 36.

Mr. Pam is now 45 years old is incarcerated at FCI Florence. He has been in custody for nearly 11 years. His projected release date is March 24, 2024.

On October 26, 2012, Mr. Pam filed a Pro-Se Motion for Relief from Judgment or Order for Remand for Resentencing, which the Court construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 44. Mr. Pam argued that his sentence had been improperly enhanced under the Armed Career Criminal Act ("ACCA") because his aggravated assault conviction did not qualify as a violent felony under the "element" or "force" clause. *Id*. The Court construed the motion as raising a claim of ineffective assistance of counsel and rejected the claim. Doc. 44.

Three years later, in *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague. After receiving authorization from the Tenth Circuit to file a second or successive § 2255 motion, Mr. Pam filed an Amended Motion to Vacate, in which he argued that, under *Johnson*, his two New Mexico convictions for shooting at or from a motor vehicle did not qualify as violent felonies under the ACCA. Doc. 60. The district court denied Mr. Pam's requested relief, Doc. 61, and the Tenth

Circuit affirmed the district court's decision.  *United States v. Pam*, 867 F. 3d 1191 (10th Cir. 2017).  Addressing Mr. Pam's *Johnson* argument, the Tenth Circuit held that, although the Supreme Court had struck down the ACCA's residual clause, Mr. Pam's prior New Mexico convictions for shooting at or from a motor vehicle nevertheless satisfied the elements clause of the statute.  *Id.* at 1209-11 (concluding that, "[u]nder New Mexico law, shooting at or from a motor vehicle with reckless disregard for the person of another . . . has as an element the use, attempted use, or threatened use of physical force against the person of another.  Mr. Pam therefore has three qualifying felony convictions under the ACCA, making his 180-month sentence lawful").

Recently however, in *Borden v. United States*, the Supreme Court held that offenses that require "only a *mens rea*" of recklessness" – such as the New Mexico offense of shooting at or from a motor vehicle – cannot qualify as "violent felon[ies]" under the ACCA.  141 S. Ct. 1817, 1821-22 (2021).  In reaching this decision, the Supreme Court specifically cited the Tenth Circuit's opinion *in this case* as an example of a previous appellate court ruling contrary to its holding.  *Id.* at 1823 n.1 (citing *United States v. Pam* 867 F. 3d 1191 (10th Cir. 2017)).  As the government acknowledges, *Borden* abrogated the Tenth Circuit's *Pam* opinion and, under *Borden*, the New Mexico offense of recklessly shooting at or from a motor vehicle cannot be considered a crime of violence for purposes of enhancing a sentence under the ACCA.  *See United States v. Phillips*, 19-CR-4440-MV (Government's Response to Defendant's Motion to Reconsider Court's Prior Ruling on Applicability of Armed Career Criminal Act, ECF No. 107 at 2 (June 29, 2021) ("Based on the Supreme Court's clear ruling in *Borden*, *Pam* has been expressly overruled"); *see also* Doc. 98 at 1 ("[T]he Supreme Court expressly overruled [] *Pam*, the case denying Defendant relief the last time he tried to obtain it.").

On October 5, 2021, Mr. Pam requested that the Warden at FCI Florence move this Court for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  On October 15, 2021, Warden C. Carter denied Mr. Pam's request in writing.  Doc. 97-2.  After receiving the written denial of his request, on April 5, 2022, Mr. Pam filed the instant Motion, asking this Court to reduce his sentence to time served based on "extraordinary and compelling reasons."  Doc. 97.  On May 26, 2022, the Government filed a response, indicating that it does not oppose Mr. Pam's Motion.  Doc. 98.

**STANDARD**

Under 18 U.S.C. § 3582(c)(1)(A)(i), federal courts are permitted to reduce a defendant's term of imprisonment and/or modify his conditions of supervised release if, after a consideration of the factors set forth in 18 U.S.C. § 3553(a), "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  Prior to the passage of the First Step Act of 2018, only the director of the BOP could move for a reduction under the statute, leaving federal prisoners powerless to apply for compassionate release on their own behalf.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).  However, in a section of the Act titled "Increasing the Use and Transparency of Compassionate Release," Congress amended the law to allow defendants to move for sentence reductions under § 3582(c)(1)(A)(i) once they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id*.

A district court may grant a motion for the reduction of a sentence "if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).  However, because "the Commission has been unable to comply with its statutory duty of promulgating a post-First Step Act policy statement . . . the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Id.* at 836–37; *see also United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021).  Thus, district courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" on defendant-filed motions, and are not bound by the Commission's current policy statements.  *Maumau*, 993 F.3d at 832, 836.

## DISCUSSION

Mr. Pam argues that the requirements are met for this Court to grant his motion for a reduction of his sentence. *See generally* Doc. 97 at 6-14.  The Government agrees.  *See* Doc. 98 at 2 ("*Mamau* authorize[s] the Court to take the approach [Mr. Pam] now suggests [in order] to find 'extraordinary and compelling circumstances' [warranting] compassionate release.").  As set forth herein, the Court finds that it has the authority to grant Mr. Pam's motion and, exercising that authority, will reduce his sentence to time served.

As an initial matter, as noted above, Mr. Pam requested that the Warden at FCI Florence move this Court for a reduction of his sentence, and Warden Carter denied that request.  Accordingly, Mr. Pam has exhausted administrative remedies as required by § 3582(c)(1)(A).

Next, "based on its individualized review of all the circumstances" of Mr. Pam's case, the Court finds "that a combination of factors" warrants a reduction in Mr. Pam's sentence.  *Mamau*, 993 F.3d at 837.  Those factors include the following: Mr. Pam's relatively "young age at the

time of sentencing" (he was only 35 years old); the lengthiness of his mandatory sentence under § 924(e) (180 months); the Supreme Court's determination in *Borden* that offenses requiring only a *mens rea* of recklessness (including the offense of shooting at or from a motor vehicle that was used to enhance Mr. Pam's sentence) cannot qualify as violent felonies under the ACCA; and "the fact that [Mr. Pam], if sentenced today, would not be subject to such a long term of imprisonment." *Id.* Additionally, Mr. Pam has already served over 10 years of his sentence – far more than the Guidelines range of 77 to 96 months that he would receive today, and even more than the applicable statutory maximum. Doc. 97 at 13. Indeed, Mr. Pam's 180-month sentence is more than triple that of the average federal sentence imposed for firearms offenses (48 months). *Id.* These "unique circumstances," in combination with the fact that Mr. Pam is serving a pre-*Borden,* mandatory 180-month sentence based on two offenses that no longer qualify as predicate violent felonies under the ACCA, "constitute 'extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1048.

As explained above, although this Court is required to find that such a sentence reduction is consistent with *applicable* policy statements issued by the Sentencing Commission, there are no such applicable statements. Accordingly, this Court has the authority to determine for itself what constitutes extraordinary and compelling reasons to reduce Mr. Pam's sentence. As just noted, the Court has made this determination.

Finally, the Court finds that the applicable factors set forth in § 3553(a) weigh in favor of a time served sentence. Mr. Pam's childhood was marked physical and emotional abuse at the hands of his father, who was addicted to cocaine. Doc. 96-1 ¶¶ 54-55. Mr. Pam began consuming alcohol as a teenager and was soon drinking to excess daily. Doc. 97 at 3. When he was 14 years old, Mr. Pam joined a neighborhood gang. *Id.* At the age of 25, he disassociated

himself from the gang, recognizing that that it was endangering his community. *Id.* Mr. Pam struggled academically and dropped out of high school in the ninth grade. *Id.* As he moved into adulthood, he began to incur criminal charges, usually when he was drinking. *Id.* His alcohol abuse struggles were compounded by the loss of his older brother James to a heroin overdose in 2009, two years before he committed the offense of conviction herein. *Id.*

The instant offense was undoubtedly serious; Mr. Pam handled a firearm when he was prohibited to do so, and in the presence of a young child. For this crime, however, Mr. Pam has spent over 10 years of his life behind bars, time that he has spent away from his friends and family. The Court concludes that reducing his sentence now will not result in a disproportionately light punishment. The nearly 11 years that Mr. Pam has spent in custody is sufficient to provide specific deterrence while reflecting the seriousness of the offense, provide just punishment, and promote respect for the law.

The Court further finds that Mr. Pam has been rehabilitated during his term of incarceration and does not pose a danger to the community. Specifically, Mr. Pam participated in programming on substance abuse, including the 500-hour Residential Drug Abuse Program. *Id.* at 15. He earned his GED in 2012, took courses on mental health and mindfulness techniques and business and financial literacy, and obtained a commercial driver's license. *Id.* Mr. Pam has a commendable disciplinary record with only a few minor infractions, all of which related to alcohol abuse and the last of which occurred over seven years ago. *Id.* Whenever possible, he sought out jobs and proved to be a reliable worker. *Id.* At USP Atwater, he worked in the laundry services for several years and was promoted to the position of supervisor, with responsibilities that included training other inmates. *Id.* He also worked at the commissary there for several months. *Id.* He then applied and was accepted into the work cadre program at USP

Thomson in 2019, where he again worked in the laundry services. *Id.* Indeed, Mr. Pam worked until the lockdowns of the pandemic prevented him from doing so. *Id.*

Mr. Pam has a strong support system waiting for him upon his release, including several family members, and a promise of employment. *Id.* at 16. He has plans in place to pursue a career as a commercial truck driver. *Id.* at 17. Mr. Pam also intends to volunteer as a mentor to at-risk youth both at Youth Development, Inc. and at Counseling World LLC. *Id.* In sum, far from being a danger to the community, upon his release, Mr. Pam "will reenter society with the structure of a devoted support network and guaranteed employment, as well as the desire and opportunity to give back to his community." *Id.*

## CONCLUSION

The Court finds that extraordinary and compelling reasons warrant a reduction in Mr. Pam's 180-month sentence, that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and that a consideration of the factors set forth in § 3553(a) militate in favor of a sentence reduction. The Court thus will grant Mr. Pam's unopposed request for compassionate release pursuant to § 3582(c)(1)(A)(i).

IT IS THEREFORE ORDERED that the Motion for Leave to File a Request for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Memorandum of Law in Support Thereof [Doc. 97] is **GRANTED**, as follows: exercising its authority to modify Mr. Pam's sentence for extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i), the Court will reduce his term of imprisonment to time served and an Amended Judgment will be filed by the Court.

DATED this 2nd day of June 2022.

_____
MARTHA VÁZQUEZ
Senior United States District Judge